PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| MICHEAL M. LANE, | ) | |
| | ) | CASE NO.  5:21CV1085 |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| S.A. COMUNALE CO., INC., *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | [Resolving ECF Nos. 31 and 35] |


Pending is Defendants S.A. Comunale Co., Inc., Joseph R. Fowler, Amy Hendricks, EMCOR Group, Inc., and Stephen A. Comunale's Motion for Summary Judgment (ECF No. 31). The Court has been advised, having reviewed the record, the parties' briefs, and the applicable law.  For the reasons set forth in Section III below, Defendants' motion is granted.

Also pending is Defendants' Objection to, and Motion to Strike, Shannon Lacy's Undated Notes as Evidence (ECF No. 35).  For the reasons set forth in Section II below, Defendants' objection is sustained and Defendants' motion is granted without opposition.

(5:21CV1085)

## I.    Background

Plaintiff Micheal Lane asserts seven causes of action against Defendants:[1]  (1) "Disparate

Treatment, Harassment and Denial of Reasonable Accommodation in Violation of the ADA"

(Count I); (2) "Disparate Treatment and Harassment Based on Race in Violation of Title VII"

(Count II); (3) "Hostile Work Environment in Violation of Title VII" (Count III); (4) "Disparate

Treatment and Harassment Based on My Sex in Violation of Title VII (Count IV); (5)

"Retaliation in Violation of the ADA" (Count V); (6) Retaliation in Violation of Title VII (Count

VI); and (7) "Violations of the Equal Pay Act" (Count VII).  *See Pro Se* Complaint (ECF No.

1).[2][3]

---

[1]  The only reference to Stephen A. Comunale is in the Complaint's case caption. Because the Complaint (ECF No. 1) merely names Comunale, yet does not provide any facts alleging how he was involved in any claim, the Complaint is dismissed as to Comunale.  *See Denkins v. Mohr*, No. 2:13-cv-584, 2014 WL 806370, at *2 (S.D. Ohio Feb. 28, 2014) ("A pro se complaint merely naming a person as a defendant without alleging how the named defendant was involved in any constitutional violation is subject to dismissal."), *report and recommendation adopted*, No. 2:13-CV-00584, 2014 WL 4272823 (S.D. Ohio Aug. 29, 2014), *aff'd* No. 14-3965 (6th Cir. Sept. 10, 2015).

[2]  Plaintiff filed her 162-paragraph *pro se* Complaint on May 26, 2021.  On November 12, 2021, Justin C. Miller entered an appearance as counsel for Plaintiff.  *See* ECF No. 23.  An Amended Complaint was not thereafter filed by counsel.

[3]  In "Section II" of the Complaint, Plaintiff checked a box indicating that the action is also "brought for discrimination in employment pursuant to . . . Relevant state law . . . Section 4112.02 | Unlawful discriminatory practices Ohio revised law (sic)." ECF No. 1 at PageID #: 3.  This passing "check-the-box reference," however, is the only reference in the Complaint (ECF No. 1) to any Ohio state law, and Ohio state law forms no part of her seven (7) enumerated causes of action.  In addition, Plaintiff's Brief in Opposition (ECF No. 33) offers no legal argument to support any claim under Ohio law. To the extent Plaintiff seeks to assert claims based on Ohio Rev. Code § 4112, the Complaint (ECF No. 1) is fundamentally defective, and any state law claims are dismissed with prejudice.  *See, e.g.*, *Roan v. United Parcel Srv., Inc.*, No. 3:19-cv-291,

(continued...)

2

(5:21CV1085)

In the Complaint (ECF No. 1), Plaintiff gratuitously alleges that she was "harassed" and subjected to a "hostile work environment" because of her (1) alleged disability, (2) race, and (3) sex.  *See* Counts I-IV.  Yet despite knowing how to use S.A. Comunale's reporting mechanisms to report workplace harassment, Plaintiff did not report any harassment.  *See* ECF No. 31-3 at PageID #: 419:1-9; Defendants' Exhibit 7 (ECF No. 31-3 at PageID #: 608-36) to Lane Deposition at PageID #: 613-14; Declaration of Amy Hendricks (ECF No. 31-2) at PageID #: 234, ¶ 20.  Plaintiff candidly admitted at her deposition that she was never called any racial slurs and never subjected to any sexual advances or gender-based slurs.  ECF No. 31-3 at PageID #: 517:12-518:5, 528:9-15;  Defendants' Exhibit 18 (ECF No. 31-3 at PageID #: 871-78) to Lane Deposition at PageID #: 871, No. 1.

## II.  Defendants' Objection to, and Motion to Strike, Shannon Lacy's Undated Notes as Evidence (ECF No. 35)

In her Brief in Opposition to Defendants' Motion for Summary Judgment (ECF No. 33), Plaintiff attaches the Declaration of Shannon Lacy, who asserts she "was employed by S.A. Comunale from January 2019 until June 2019."  ECF No. 33-1 at PageID #: 894, ¶ 1.  Relevant to Defendants' Objection to, and Motion to Strike, Shannon Lacy's Undated Notes as Evidence

---

[3](...continued)
2019 WL 9047227, at *4 (M.D. Tenn. Sept. 3, 2019) (reasoning that a pro se complaint that provides nothing more than a "checked box" alleging the bases for Title VII race and sex discrimination cannot survive a motion to dismiss).  In any event, each of the substantive arguments in ECF No. 31 apply with equal force to any putative state law employment claims.  *See generally Rosebrough v. Buckeye Valley High Sch.*, 690 F.3d 427, 431 (6th Cir. 2012) ( " '[B]ecause Ohio case law tends to suggest that it entails the same legal analysis as that under the ADA,' we may review Rosebrough's state and federal claims solely under the ADA analysis.") (quoting *Brenneman v. MedCentral Health Sys.*, 366 F.3d 412, 418 (6th Cir. 2004)).

(5:21CV1085)

([ECF No. 35](#)), Plaintiff attaches three pages of handwritten Undated Notes ([ECF No. 33-1 at PageID #: 895-97](#)) to Lacy's Declaration, "indicating what [she] saw and heard regarding the treatment of Micheal Lane by various employees at S.A. Comunale." [ECF No. 33-1 at PageID #: 894, ¶ 3](#).[4]  In response to [ECF No. 35](#), Plaintiff's counsel failed to file a memorandum articulating any facts or case law opposing the objection and motion.  Instead, Plaintiff herself filed a "Supplement" ([ECF No. 37](#)) without leave of court, which is a legible copy of the three pages of Undated Notes.

Despite written discovery requests for any notes or statements from witnesses,[5] Plaintiff did not disclose, produce, or otherwise identify Ms. Lacy's handwritten statement (in either the legible or the illegible form) in discovery.  Instead, Plaintiff waited until her Opposition to ambush Defendants with the three pages of Undated Notes.  Under [Fed. R. Civ. P. 56(c)(2) and 37(c)(1)](#), Plaintiff is prevented from utilizing those notes now.

A litigant cannot wait until after a motion for summary judgment is fully briefed to disclose a legible copy of new evidence, particularly evidence that would have been responsive to prior discovery requests, but that Plaintiff did not timely produce.  *See [Jones v. Northcoast Behav. Healthcare Sys.](#)*, *[84 Fed.Appx. 597, 598-99 (6th Cir. 2003)](#)* (district court did not abuse

---

[4]  Two of the pages, [ECF No. 33-1 at PageID #: 896-97](#), are illegible because they are poor-quality copies.

[5]  *See* Plaintiff's Responses to Interrogatory Nos. 1 and 2 ([ECF No. Doc. #35-3 at PageID #: 935](#)) and Plaintiff's Responses to Requests for Production of Documents Nos. 2 ([ECF No. 35-3 at PageID #: 947](#)) and 5 ([ECF No. 35-3 at PageID #: 948](#)).  The extended discovery cutoff date was April 5, 2022.  *See* Order ([ECF No. 29](#)).  At no time since serving her Responses to Defendant's written discovery requests has Plaintiff supplemented her responses to these specific requests.  *See* [Fed. R. Civ. P. 26(e)(1)(A)](#).

(5:21CV1085)

its discretion in striking employee's two supplemental memoranda which were filed after

employer filed its reply brief to employee's response to employer's motion for summary

judgment, when the supplemental memoranda were filed without leave of court, and the

supplemental briefings were untimely).  In addition, "[t]he burden is on the proponent to show

that the material is admissible as presented or to explain the admissible form that is anticipated."

Fed. R. Civ. P. 56(c)(2) advisory committee's note to 2010 amendment; *see also Prado v.

Mazeika*, No. 3:16-cv-320, 2019 WL 1301729, at *4 (S.D. Ohio March 21, 2019) (applying the

advisory committee's comments).  As noted above, however, Plaintiff's counsel failed to file a

memorandum articulating any facts or case law opposing the objection and motion or showing

the non-disclosure was justified or harmless.

  Accordingly, ECF No. 33-1 at PageID #: 895-97 and ECF No. 37 are stricken from the

record as inadmissible, and the Court has disregarded them as evidence in ruling on Defendants'

Motion for Summary Judgment (ECF No. 31).  *See Emmanuel v. Cnty. of Wayne*, 652 Fed.Appx.

417, 424-25 (6th Cir. 2016) (district court did not abuse its discretion by striking affidavit when,

"[a]t a minimum, the arguments in [prejudiced party's] summary judgment brief would have

been structured differently to take account of the new information").

(5:21CV1085)

### III.   Defendants' Motion for Summary Judgment (ECF No. 31)

#### A.  Relevant Facts

##### 1.   Stipulated Facts

The stipulated facts[6] are as follows:

1.  Plaintiff is an African American woman.

2.  Plaintiff began working for S.A. Comunale in December 2007 as a Material Puller in S.A. Comunale's fabrication shop.

3.  In December 2013, S.A. Comunale promoted Plaintiff to the position of Fleet Logistics Supervisor.

4.  As Fleet Logistics Supervisor, Plaintiff reported directly to Vice President of Engineering and Operations Services, Joseph R. "J.R." Fowler.

5.  S.A. Comunale terminated Plaintiff's employment on December 6, 2019.

6.  At the time of her termination, Plaintiff was the Fleet Logistics Supervisor for S.A. Comunale.

7.  Plaintiff owns and operates the website https://www.shegetitdone.com/.

8.  Plaintiff owns, operates, and controls She Get It Done, an Ohio corporation.

9.  Plaintiff controls the social media pages for She Get It Done.

---

[6] *See* Parties' Joint Stipulation of Material Facts (ECF No. 30).

6

(5:21CV1085)

### 2.    Company Policies

### a.  The Code of Business Conduct and Ethics

S.A. Comunale maintains a Code of Business Conduct and Ethics (the "Code").  *See*

Deposition of Micheal Lane (ECF No. 31-3) at PageID #: 416:1- 417:18; Defendants' Exhibits 6

(ECF No. 31-3 at PageID #: 607) and 7 (ECF No. 31-3 at PageID #: 608-36) to Lane Deposition;

ECF No. 31-2 at PageID #: 231-32, ¶ 5.  The Code is provided to all employees at the outset of

their employment with S.A. Comunale, and employees may access the Code at any time on the

Company's computer system or by requesting a copy.  *See* ECF No. 31-2 at PageID #: 231-32,

¶ 5.  On July 2, 2012, Plaintiff acknowledged receipt of the 2012 version of the Code.  *See* ECF

No. 31-3 at PageID #: 416:1- 417:18; ECF No. 31-3 at PageID #: 607; ECF No. 31-3 at PageID

#: 608-36.  She specifically acknowledged that she had "a personal responsibility to abide by the

Code," and that she would "receive updates [of the Code] as necessary."  ECF No. 31-3 at

PageID #: 607; *see also* ECF No. 31-3 at PageID #: 416:1-13.

The Code requires employees to avoid actual conflicts of interest, as well as situations

that create the appearance of a conflict of interest.  *See* ECF No. 31-3 at PageID #: 620-21.  It

provides:  "Any outside activity, such as a second job or self-employment, must be kept

completely separate from the Employee's activities with the Company.  No Employee may use

Company customers, suppliers, time, name, influence, assets, facilities or materials . . . for

outside activities . . . ."  ECF No. 31-3 at PageID #: 622, § 2.11.  The Code also requires

employees to maintain and protect the confidentiality of the Company's information, including

(5:21CV1085)

its strategic business plans, systems, programs, and procedures. *See* ECF No. 31-3 at PageID #: 617-18, § 2.7. It also "prohibits fraudulent activity and theft." ECF No. 31-3 at PageID #: 616, § 2.3. Employees who violate the Code "may be subject to disciplinary action up to and including termination of employment." ECF No. 31-3 at PageID #: 613, § 1.1.

In addition, the Code also includes S.A. Comunale's Equal Employment Opportunity and Workplace Harassment policies, which Plaintiff understood. *See* ECF No. 31-3 at PageID #: 631-32, §§ 9.3 and 9.4; ECF No. 31-3 at PageID #: 418:2-25. Plaintiff also understood that, if Plaintiff had any issues regarding alleged workplace discrimination, there were multiple reporting mechanisms that Plaintiff could utilize to report such discrimination to the Company, including an "Ethics Hotline." *See* ECF No. 31-3 at PageID #: 419:1-9; ECF No. 31-3 at PageID #: 613-14, § 1.2.

### b. Employee Handbook

S.A. Comunale also maintains an Employee Handbook (the "Handbook") (Defendants' Exhibit 8 to Lane Deposition (ECF No. 31-3 at PageID #: 636-66)), which is provided to all employees at the outset of their employment with the Company, and which employees may access at any time on the Company's computer system or by requesting a copy. *See* ECF No. 31-3 at PageID #: 423:2-424:15; ECF No. 31-2 at PageID #: 232, ¶ 6. The Handbook includes a Personal Conduct Policy, which provides that employees must create a positive impression through courteous service and professional behavior, promote a productive work environment, and use company resources appropriately. *See* ECF No. 31-3 at PageID #: 655-56, § 8.10. The Handbook's "Social Media Guidelines" also instruct that employees are "expected to safeguard

8

(5:21CV1085)

the confidential business information of the Company" and "may not sell any product or service

that would compete with the Company websites."  ECF No. 31-3 at PageID #: 661-62.

The Handbook also includes a "Drug-Free Workplace Policy" that provides, in relevant

part:  "Employees are prohibited from being at work or working while under the influence of

alcohol or illegal drugs.  Any employee violating this prohibition will be subject to disciplinary

action, up to and including immediate termination."  ECF No. 31-3 at PageID #: 655; *see also*

ECF No. 31-3 at PageID #: 427:4-428:2.

### c.  Plaintiff's Confidentiality Agreements With S.A. Comunale

As a condition of her employment, Plaintiff also signed a Covenant Not to Compete

(Defendants' Exhibit 9 to Lane Deposition (ECF No. 31-3 at PageID #: 668-70)) prohibiting her

from engaging in any competing business activity during and after her employment.  *See* ECF

No. 31-3 at PageID #: 428:17-429:3.  She also signed and acknowledged the Company's

stand-alone "Confidentiality Policy" (Defendants' Exhibit 10 to Lane Deposition (ECF No. 31-3

at PageID #: 671)), which required her to keep the Company's business information and trade

secrets confidential, prohibited her from using, publishing or disclosing such confidential

information other than for the Company's authorized purposes, which warned that violation of

the policy could lead to discipline, including termination, and legal action.  *See* ECF No. 31-3 at

PageID #: 429:4-17.

### 3.  Plaintiff's Alleged PTSD

Plaintiff alleges she is disabled within the meaning of the ADA because of chronic

posttraumatic stress disorder ("PTSD"), arising out of an alleged non-work-related sexual assault

9

(5:21CV1085)

by her fiancé in August 2011. *See* ECF No. 1 at PageID #: 7, ¶ 4; ECF No. 31-3 at PageID #: 433:2-7. Specifically, Plaintiff alleges she was first diagnosed with PTSD in 2011, and that she first disclosed her PTSD to S.A. Comunale in 2011, when she first commenced therapy for her PTSD. *See* ECF No. 31-3 at PageID #: 433:5-6, 464:12-22.

Plaintiff asserts that her PTSD forced her to self-medicate with alcohol and marijuana from September 2011 until January 2019. *See* ECF No. 31-3 at PageID #: 434:16-23. For example, in May 2014, Plaintiff showed up to work at S.A. Comunale smelling of alcohol, which violated the Company's "Drug-Free Workplace Policy." *See* ECF No. 31-3 at PageID #: 434:24-435:4; 436:22-437:6.[7] As Plaintiff admitted under oath, S.A. Comunale could have terminated Plaintiff's employment for this violation alone. *See* ECF No. 31-3 at PageID #: 437:2-6. But instead, S.A. Comunale placed Plaintiff on the Company's Employee Assistance Program ("EAP") and permitted her to take paid leave from June until August 2014, to allow her to address her alcohol and mental-health issues. *See* ECF No. 31-3 at PageID #: 437:7-16. Thus, as Plaintiff testified, she was treated more favorably than other employees:

> Q    I mean other employees don't get that good of treatment necessarily?
> A    Right. Exactly.

ECF No. 31-3 at PageID #: 438:1-3.

---

[7] Plaintiff also admitted at her deposition that it was a violation of the "Drug-Free Workplace Policy" to recreationally use marijuana, which she did from at least 2011 through 2018. *See* ECF No. 31-3 at PageID #: 427:22-428-2; ECF No. 1 at PageID #: 7, ¶ 5.

(5:21CV1085)

Plaintiff was aware that S.A. Comunale's policy was to provide disabled employees with reasonable accommodations upon request.  *See* ECF No. 31-3 at PageID #: 426:18-21; ECF No. 31-3 at PageID #: 640-43, § 2.9.  S.A. Comunale accommodated Plaintiff's alleged PTSD throughout her employment by providing her with extended leaves of absence.  Specifically, S.A. Comunale accommodated Plaintiff's PTSD by providing her with two extended periods of leave:  (1) the aforementioned paid leave from June through August 2014; and (2) a period of FMLA leave from September 23 through November 4, 2019.  *See* ECF No. 31-3 at PageID #: 438:8-20; 467:20-23.  These two periods of leave are the only disability-related accommodations Plaintiff ever requested from S.A. Comunale, which the Company readily provided.  *See* ECF No. 31-2 at PageID #: 232, ¶ 9.

### 4.  Plaintiff's Leave of Absence and Misuse of S.A. Comunale Materials

Although it had no obligation to do so, pursuant to Plaintiff's request, S.A. Comunale paid for and permitted Plaintiff to attend professional conferences in Seattle and Kansas City during her second leave of absence from September 23 until November 4, 2019.  *See* ECF No. 31-3 at PageID #: 468:1-15.

While Plaintiff was on leave, S.A. Comunale first learned that Plaintiff was operating a personal website called "SheGetItDone," on which Plaintiff had posted photographs of the Company's equipment, marketing materials, employees, job sites, and vendors.  *See* ECF No. 31-2 at PageID #: 232, ¶ 10; ECF No. 31-3 at PageID #: 481:1-489:25; Defendants' Exhibit 16 to Lane Deposition (ECF No. 31-3) at PageID #: 715; 720; 738-43.  "[T]he website offered construction consulting services, including stating SheGetItDone 'is your Commercial

(5:21CV1085)

Construction Resource[.]  For Quotes or Questions Phone 330-227-8046[.]  Email

shegetitdone@gmail.com[.]' "  ECF No. 31-2 at PageID #: 232, ¶ 11.  S.A. Comunale also

learned that Plaintiff published several YouTube videos containing the Company's confidential,

proprietary information and its logos.  *See* ECF No. 31-2 at PageID #: 232-33, ¶ 12.  Plaintiff

also posted photos of her attendance at a local school's "Junior Achievement Day," which

suggested that she was jointly representing "S.A. Comunale/She Get It Done" and admitted this

made the companies appear to be affiliated.  *See* ECF No. 31-3 at 489:7-490:25; ECF No. 31-3 at

PageID #: 712; ECF No. 31-2 at PageID #: 232-33, ¶ 12.  S.A. Comunale, however, had no prior

knowledge of the event and had not given Plaintiff permission to represent the Company.  *See*

ECF No. 31-2 at PageID #: 232-33, ¶ 12.

On or about November 5, 2019, upon Plaintiff's return from medical leave, Hendricks

and Fowler met with Plaintiff.  *See* ECF No. 31-3 at PageID #: 475:22-476:14; ECF No. 31-2 at

PageID #: 233, ¶ 14.  They reviewed numerous pages of the SheGetItDone website with

Plaintiff, pointing out where she had published S.A. Comunale photographs and information.

*See* ECF No. 31-3 at PageID #: 476:15-477:9; ECF No. 31-3 at PageID #: 712-866; ECF No. 31-

2 at PageID #: 233, ¶ 14.  Hendricks and Fowler also provided Plaintiff with a highlighted copy

of the Code and reviewed it with her in detail.  *See* ECF No. 31-2 at PageID #: 233, ¶ 14.  They

explained to Plaintiff that the SheGetItDone website was in direct violation of the Code and

other S.A. Comunale policies, and that Plaintiff needed to immediately remove the Company's

(5:21CV1085)

materials from the website and all related social media pages under Plaintiff's control. *See* ECF No. 31-2 at PageID #: 233, ¶ 14. Plaintiff expressed her understanding and indicated she would do so. *See* ECF No. 31-3 at PageID #: 477:21-24; ECF No. 31-2 at PageID #: 233, ¶ 14.

### 5. Plaintiff Continues to Misuse S.A. Comunale Materials

After this meeting, however, although Plaintiff removed most of S.A. Comunale's information from the SheGetItDone website, the Company's logos and photographs remained live on the SheGetItDone Facebook page, including the Junior Achievement Day post. Then, on November 13, 2019, Plaintiff posted to the SheGetItDone Facebook page a photograph from a recent conference. In the caption, Plaintiff misrepresented that she had won the pictured award from United Rentals on behalf of SheGetItDone. *See* ECF No. 31-2 at PageID #: 233, ¶ 15. In reality, Plaintiff had merely accepted the award on behalf of S.A. Comunale, which does significant business with United Rentals by renting its equipment for construction projects – which was one of Plaintiff's job duties for the Company – resulting in the Total Control Award to the Company. *See* ECF No. 31-2 at PageID #: 233, ¶ 16; ECF No. 31-3 at PageID #: 764-66. Indeed, S.A. Comunale paid for Plaintiff to attend the conference on the Company's behalf and Plaintiff was wearing an S.A. Comunale shirt in the photograph. *See* ECF No. 31-2 at PageID #: 233, ¶ 16. Plaintiff admitted that she posted on her SheGetItDone Facebook page that "I got an award" from United Rentals, ECF No. 31-3 at PageID #: 494:16-18, and repeated in her sworn EEOC Charge that it was a "personal award," Exhibit 13 to Lane Deposition (ECF No. 31-3 at PageID #: 682) at § II. *See also* ECF No. 31-3 at PageID #: 494:1-496:3, 506:1-16; ECF No. 31-3 at PageID #: 712-866.

13

(5:21CV1085)

### 6.      S.A. Comunale Terminate's Plaintiff's Employment

Because of Plaintiff's continued policy violations, S.A. Comunale terminated her employment, effective December 6, 2019.  *See* ECF No. 31-2 at PageID #: 233, ¶ 17.  On December 6, 2019, Hendricks and Fowler presented Plaintiff with a termination letter, Exhibit 17 to Lane Deposition (ECF No. 31-3 at PageID #: 867-70, detailing Plaintiff's multiple Company policy violations and the reasons for Plaintiff's termination.  *See* ECF No. 31-3 at PageID #: 504:14-20.  Plaintiff admitted that, during this December 6 meeting with Hendricks and Fowler, neither Hendricks nor Fowler referenced any of Plaintiff's protected traits or any workplace complaints.  *See* ECF No. 31-3 at PageID #: 507:17-20.  Thereafter, S.A. Comunale hired Vanessa Casteel – a woman – as the Company's Equipment Manager.  *See* ECF No. 31-2 at PageID #: 234, ¶ 19; ECF No. 31-3 at PageID #: 456:4-12, 16-23.  The Equipment Manager performs the identical job duties and functions that Plaintiff performed throughout her tenure as the Fleet Logistics Supervisor.  *See* ECF No. 31-2 at PageID #: 234, ¶ 19.

### 7.      S.A. Comunale Discovers Plaintiff Charged the Company for a Vendor to Pour Concrete at her Personal Residence

On December 6, 2019, S.A. Comunale also discovered that Plaintiff had created a purchase order over four months prior to use a Company vendor to pour concrete at her personal residence and had used S.A. Comunale's information to try to bill the Company for the $1,128 charge, without permission.  *See* ECF No. 31-2 at PageID #: 233, ¶ 18; ECF No. 31-3 at PageID #: 863-66.  By the time the Company discovered Plaintiff's conduct, it was several months past due on paying its vendor, and Fowler authorized paying the vendor's overdue invoice, but

14

(5:21CV1085)

instructed Hendricks to gather payment from Plaintiff for that personal charge.[8]  *See* ECF No.

31-2 at PageID #: 233-34, ¶ 18; Declaration of Joseph R. Fowler (ECF No. 31-4) at PageID #:

880, ¶ 8; Declaration of Stephen A. Comunale (ECF No. 31-5) ¶ 2.

### 8.  Plaintiff's Charge of Discrimination

On March 10, 2020, Plaintiff filed a timely Charge of Discrimination with the Equal

Employment Opportunity Commission ("EEOC") alleging S.A. Comunale discriminated against

her based on (1) her alleged disability (*i.e.*, PTSD); (2) her race (African American); and (3) her

sex (female).  *See* ECF No. 31-6.  Notably absent from the Charge of Discrimination, however,

is any allegation or indication that S.A. Comunale retaliated against Plaintiff for engaging in any

protected activity, or that Plaintiff was "harassed" because of her alleged disability.

### B.  Standard of Review

Summary judgment is appropriately granted when the pleadings, the discovery and

disclosure materials on file, and any affidavits show "that there is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a);

*see also Johnson v. Karnes*, 398 F.3d 868, 873 (6th Cir. 2005).  Fed. R. Civ. P. 56(c)(1)(a)

requires a party requesting summary judgment in its favor or an opposing party "to go beyond

the pleadings" and argument, *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986), and cite to

"particular parts of materials in the record, including depositions, documents, electronically

stored information, affidavits or declarations, stipulations (including those made for purposes of

---

[8]  Upon the request of S.A. Comunale, Plaintiff reimbursed the Company for the
concrete project.  *See* ECF No. 31-3 at PageID #: 502:13-24; 863.

15

(5:21CV1085)

the motion only), admissions, interrogatory answers, or other materials." The moving party must "show that the non-moving party has failed to establish an essential element of his case upon which he would bear the ultimate burden of proof at trial." *Guarino v. Brookfield Twp. Trustees.*, 980 F.2d 399, 403 (6th Cir. 1992).

Once the movant makes a properly supported motion, the burden shifts to the non-moving party to demonstrate the existence of genuine dispute. An opposing party may not simply rely on its pleadings. Rather, it must "produce evidence that results in a conflict of material fact to be resolved by a jury." *Cox v. Ky. Dep't. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995). The non-moving party must, to defeat the motion, "show that there is doubt as to the material facts and that the record, taken as a whole, does not lead to a judgment for the movant." *Guarino*, 980 F.2d at 403. In reviewing a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party when deciding whether a genuine issue of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970).

The United States Supreme Court, in deciding *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986), stated that in order for a motion for summary judgment to be granted, there must be no genuine issue of material fact. *Id.* at 248. The existence of some mere factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Scott v. Harris*, 550 U.S. 372, 380 (2007). A fact is "material" only if its resolution will affect the outcome of the lawsuit. In determining whether a factual issue is "genuine," the court must decide whether the evidence is such that reasonable jurors could find that the

16

(5:21CV1085)

non-moving party is entitled to a verdict.  *Id.*  Summary judgment "will not lie . . . if the

evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id.*  To

withstand summary judgment, the non-movant must show sufficient evidence to create a genuine

issue of material fact.  *Klepper v. First Am. Bank*, 916 F.2d 337, 342 (6th Cir. 1990).  The

existence of a mere scintilla of evidence in support of the non-moving party's position ordinarily

will not be sufficient to defeat a motion for summary judgment.  *Id.* (citing *Anderson*, 477 U.S.

at 252).

 "It is well settled that the non-moving party must cite specific portions of the record in

opposition to a motion for summary judgment."  *U.S. Structures, Inc. v. J.P. Structures, Inc.*, 130

F.3d 1185, 1191 (6th Cir. 1997); *see also Guarino*, 980 F.2d at 410 ("Neither the trial nor the

appellate court . . . will *sua sponte* comb the record from the partisan perspective of an advocate

for the non-moving party.").  Fed. R. Civ. P. 56(c)(1).  "[T]he court is not required to search the

record for some piece of evidence which might stave off summary judgment."  *Id.*  It is also well

settled that "[i]ssues adverted to in a perfunctory manner, unaccompanied by some effort at

developed argumentation, are deemed waived.  It is not sufficient for a party to mention a

possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones."

*McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) (quoting *Citizens Awareness

Network, Inc. v. United States Nuclear Regulatory Comm'n*, 59 F.3d 284, 293-94 (1st Cir.

1995)).

17

(5:21CV1085)

### C.     Analysis

### 1.

Plaintiff asserts that Defendants terminated her employment with S.A. Comunale: (1) because of her alleged disability (PTSD); (2) because of her race (African American); (3) because of her sex (female); (4) in retaliation for engaging in protected activity under the ADA; and (5) in retaliation for protected activity under Title VII.  *See* Complaint (ECF No. 1) at Counts I, II, and IV–VI.

Plaintiff cannot establish any of her disparate treatment or retaliation claims.  The objective and well-documented facts show that S.A. Comunale terminated Plaintiff's employment due to her persistent misuse of company materials and confidential information on the websites of her personal business and social media platforms – a violation of S.A. Comunale's policies, including the Code (ECF No. 31-3 at PageID #: 607-36) and Plaintiff's Covenant Not to Compete (ECF No. 31-3 at PageID #: 668-70) – despite clear instruction from S.A. Comunale to stop doing so.  Ultimately, Plaintiff's continued misappropriation of opportunities (including trying to pass off a S.A. Comunale award as an award for her/her personal business) left S.A. Comunale with no choice but to terminate Plaintiff's employment.

Plaintiff's six-page Brief in Opposition (ECF No. 33) recites the burden-shifting standard applicable to a termination claim (ECF No. 33 at PageID #: 890-91), and generally alleges her termination was discriminatory (ECF No. 33 at PageID #: 888; 892), but she fails to rebut or even address Defendants' arguments and evidence demonstrating her termination was for legitimate, non-discriminatory and non-retaliatory reasons.

18

(5:21CV1085)

Inexplicably, Plaintiff incorrectly asserts that Defendants "focus only on the termination," "essentially ignore any other adverse actions against Plaintiff," and "fail to meet their burden regarding any adverse employment decisions to which Plaintiff was subjected outside of her termination." ECF No. 33 at PageID #: 892.  Plaintiff, however, ignores pages 10-11 and 14-20 of Defendants' Memorandum in Support (ECF No. 31-1 at PageID #: 217-18, 221-27), which address all of the other claims Plaintiff attempts to bring in addition to her termination claim.  Plaintiff's Brief in Opposition (ECF No. 33) does not specify what other "adverse employment decisions" she allegedly suffered, nor are they identified or supported by the Declarations (ECF Nos. 33-1 and 33-2).  In any event, Plaintiff has no evidence that she was terminated or otherwise suffered any other adverse employment action because of her disability, race, sex, or protected activity.  Because Plaintiff abandoned any attempt to establish pretext, she necessarily has not met her burden to rebut Defendants' legitimate, non-discriminatory and non-retaliatory reasons for terminating Plaintiff's employment.  *See Kaminsky v. Wilkie*, No. 5:19CV20, 2020 WL 3893521, at *7 (N.D. Ohio July 10, 2020) ("[A] reason cannot be proved to be 'a pretext *for discrimination*' unless it is shown *both* that the reason was false, *and* that discrimination was the real reason.") (quoting *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515, (1993) (emphases in original).  Accordingly, her termination claims fail as a matter of law.

**2.**

Plaintiff cannot establish any of her workplace harassment claims.  Plaintiff cannot show that the "harassment" to which she alleges she was subjected was so "severe or pervasive" as to fundamentally alter the terms and conditions of her employment.  In any event, despite being

19

(5:21CV1085)

well-acquainted with S.A. Comunale's harassment reporting mechanisms, Plaintiff admittedly

never reported harassment.  *See* ECF No. 31-3 at PageID #: 419:1-9; Defendants' Exhibit 7 (ECF

No. 31-3 at PageID #: 608-36) to Lane Deposition at PageID #: 613-14; Declaration of Amy

Hendricks (ECF No. 31-2) at PageID #: 234, ¶ 20.

Plaintiff's Brief in Opposition (ECF No. 33) also does not mention or respond to

Defendants' arguments and evidence attacking Plaintiff's failure to exhaust remedies on her

retaliation and harassment claims.  "[A] plaintiff is deemed to have abandoned a claim when a

plaintiff fails to address it in response to a motion for summary judgment."  *Brown v. VHS of*

*Mich., Inc.*, 545 Fed.Appx. 368, 372 (6th Cir. 2013) (citing *Hicks v. Concorde Career Coll.*, 449

Fed.Appx. 484, 487 (6th Cir. 2011)).[9]

**3.**

Third, Plaintiff cannot establish a failure to accommodate in violation of the ADA

because the undisputed facts show Plaintiff was never denied a requested accommodation.  In

fact, S.A. Comunale readily approved and supported the only accommodation requests Plaintiff

ever made during her employment:  two months-long medical leaves of absence.  *See* ECF No.

31-3 at PageID #: 438:8-20; 467:20-23.  These two periods of leave are the only

disability-related accommodations Plaintiff ever requested from S.A. Comunale, which the

Company readily provided.  *See* ECF No. 31-2 at PageID #: 232, ¶ 9.

_____

[9]  Defendants complied with the pre-filing written exchange required by ¶ 15 of
the Case Management Plan (ECF No. 19 at PageID #: 152).  *See* ECF No. 31-1 at PageID
#: 229.  Plaintiff's response was a refusal to dismiss any claims.  The pre-filing written
exchange should have obviated the need for the Court's attention to be drawn to
unopposed arguments.

(5:21CV1085)

Plaintiff's Brief in Opposition (ECF No. 33) also does not mention or respond to Defendants' arguments and evidence attacking Plaintiff's claims against S.A. Comunale regarding failure to accommodate.  As stated above, "a plaintiff is deemed to have abandoned a claim when a plaintiff fails to address it in response to a motion for summary judgment."  *Brown, 545 Fed.Appx. at 372* (citing *Hicks, 449 Fed.Appx. at 487*).

### 4.

Plaintiff's federal Equal Pay Act claim fails as a matter of law because she has no evidence that S.A. Comunale paid different wages to male employees for equal work.  Rather, the undisputed facts show that, since 2014, Plaintiff was the sole Fleet Logistics Supervisor.  *See* ECF No. 31-3 at PageID #: 457:7-10; ECF No. 31-2 at PageID #: 231, ¶ 4.  As Plaintiff candidly admitted, she has no one else to whom to compare herself:

Q     Is there anyone else that you think was paid more money than you for the
      same work?
A     There's only one position.  *I have no one to compare [myself] to.*
Q     You probably didn't have like an inside view into what people made
      either, did you?
A     Huh-uh.
Q.    I'm sorry.  That was --
A     Sorry.  *No.*  Sorry.

ECF No. 31-3 at PageID #: 457:7-15 (emphasis added).  Because Plaintiff has no one else to whom to compare herself, her Equal Pay Act claim (Count VII) fails as a matter of law.

In addition, Plaintiff's Brief in Opposition (ECF No. 33) does not mention or respond to Defendants' arguments and evidence attacking Plaintiff's claim against S.A. Comunale regarding equal pay.  As stated above, "a plaintiff is deemed to have abandoned a claim when a

(5:21CV1085)

plaintiff fails to address it in response to a motion for summary judgment." *Brown*, 545

*Fed.Appx. at 372* (citing *Hicks*, 449 Fed.Appx. at 487).

**5.**

Plaintiff cannot maintain her Title VII or ADA claims against Joseph R. "J.R." Fowler,

Amy Hendricks, and Stephen A. Comunale (the "Individual Defendants") because they never

employed Plaintiff, and neither law permits liability against non-employer individuals.  An

"individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be

held personally liable under Title VII." *Wathen v. General Elec. Co.*, 115 F.3d 400, 405 (6th

Cir. 1997); *see also Lee v. Michigan Parole Bd.*, 104 Fed.Appx. 490, 493 (6th Cir. 2004) (the

ADA does not impose liability on individuals).  Plaintiff's Brief in Opposition (ECF No. 33) also

does not mention or respond to Defendants' arguments and evidence attacking Plaintiff's claims

against the individual defendants.  As stated above, "a plaintiff is deemed to have abandoned a

claim when a plaintiff fails to address it in response to a motion for summary judgment." *Brown*,

*545 Fed.Appx. at 372* (citing *Hicks*, 449 Fed.Appx. at 487).

**6.**

Plaintiff argues "Defendants do not provide any sound argument that Plaintiff failed to

avail herself of all administrative remedies." ECF No. 33 at PageID #: 890.   But the record

reflects that Plaintiff's underlying EEOC Charge of Discrimination (ECF No. 31-6) does not

mention retaliation or disability harassment.  Therefore, Plaintiff's retaliation and

ADA-harassment claims necessarily fail as a matter of law because she failed to exhaust her

(5:21CV1085)

administrative remedies as to these claims.  *See Russ v. Memphis Light Gas & Water Div.*, 720 Fed.Appx. 229, 236 (6th Cir. 2017) (when previously filed charge of discrimination did not even mention retaliation, summary judgment on plaintiff's Title VII retaliation claim was warranted); *also see, e.g., Donnelly v. St. John's Mercy Med. Ctr.*, 635 F. Supp.2d 970, 999-1000 (E.D. Mo. 2009) (dismissing plaintiff's "ADA harassment claim" because Plaintiff's charge did not assert a claim for disability-related harassment).

In addition, Plaintiff's Brief in Opposition (ECF No. 33) does not mention or respond to Defendants' arguments and evidence attacking Plaintiff's failure to exhaust her administrative remedies on the retaliation and harassment claims.  As stated above, "a plaintiff is deemed to have abandoned a claim when a plaintiff fails to address it in response to a motion for summary judgment." *Brown*, 545 Fed.Appx. at 372 (citing *Hicks*, 449 Fed.Appx. at 487).

**7.**

S.A. Comunale is a subsidiary of EMCOR Group, Inc.  To the extent Plaintiff asserts any employment-related claim against EMCOR Group, Inc., it never employed Plaintiff.  Rather, S.A. Comunale was Plaintiff's sole employer.  *See* ECF No. 31-2 at PageID #: 234, ¶ 22. Because EMCOR Group, Inc. has no employment relationship with Plaintiff and is not alleged to have engaged in any act against Plaintiff, any claim against it is dismissed.  *See, e.g., Brintley v. St. Mary Mercy Hosp.*, 904 F. Supp.2d 699, 714 (E.D. Mich. 2012), ("It is well-settled . . . that to make out a claim for relief under Title VII, it must be shown that there existed an

23

(5:21CV1085)

employer-employee relationship between the plaintiff and the defendant.") *aff'd*, 545 Fed.Appx.
484 (6th Cir. 2013). Plaintiff's Brief in Opposition (ECF No. 33) also does not mention or
respond to Defendants' arguments and evidence refuting Plaintiff's claim against EMCOR
Group, Inc. As stated above, "a plaintiff is deemed to have abandoned a claim when a plaintiff
fails to address it in response to a motion for summary judgment." *Brown*, 545 Fed.Appx. at 372
(citing *Hicks*, 449 Fed.Appx. at 487).

**8.**

Plaintiff's Brief in Opposition states:

- "The position required her [to] work with Defendant Amy Hendricks[']
  husband, Steven Hendricks who is a Senior Project Manager (Decl of
  Lane)[.]" ECF No. 33 at PageID #: 887.

- "As indicated in the declarations of both Plaintiff and Shannon Lacy,
  Plaintiff was subject to various instances of discrimination from various
  employees, including Steven Hendricks and Amy Hendricks. Despite
  multiple attempts to address these issues, Plaintiff's request[s] were
  virtually ignored. (Lane Decl. & Lacy Decl)." ECF No. 33 at PageID #:
  888.

- "Based on the facts listed in the Declarations of both Plaintiff and
  Shannon Lacy, Plaintiff did suffer adverse employment actions, including
  limited promotions." ECF No. 33 at PageID #: 891.

- "Defendants essentially ignore any other adverse actions against Plaintiff
  which she raises in her Complaint and addresses in her Declarations."
  ECF No. 33 at PageID #: 892.

Plaintiff's Opposition, however, does not cite *specific* paragraphs of the Declarations (ECF Nos.
33-1 and 33-2) or page numbers of Shannon Lacy's three pages of Undated Notes (ECF No. 33-1
at PageID #: 895-97) that support her arguments. *See Vasser v. SaarGummi Tennessee*, No.
20-5223, 2021 WL 7084365, at *2 (6th Cir. Sept. 15, 2021) (Plaintiff's "response to the

24

(5:21CV1085)

summary judgment motion did not cite page numbers of specific exhibits that supported her

arguments, nor did she provide an index for her almost 700 pages of exhibits.  The district court

was not required to sift through Vasser's unorganized, voluminous exhibits to find evidence that

supported her arguments.").  A district court is not required to search the record to determine

whether genuine issues of material fact exist when the non-moving party has failed to point them

out.  *Adams v. Lockheed Martin Energy Sys. Inc.*, 199 Fed.Appx. 405, 409 (6th Cir. 2006);

*Wardle v. Lexington-Fayette Urban Cty. Gov't*, 45 Fed.Appx. 505, 509 (6th Cir. 2002).

In addition, a party may not create a factual issue by filing a declaration, after a motion

for summary judgment has been made, which contradicts her earlier deposition testimony.

*Biechele v. Cedar Point, Inc.*, 747 F.2d 209, 215 (6th Cir. 1984).  Plaintiff was questioned at

length at her deposition about the details supporting her hostile work environment claims, but

never identified any of the new alleged incidents of mistreatment set forth in the new

Declarations (ECF Nos. 33-1 and 33-2).  Plaintiff's own self-serving Declaration (ECF No. 33-2)

is replete with vague, conclusory, and speculative allegations, and fails to specify when during

her 12 years of employment Plaintiff was subject to any of the alleged conduct she now recites

therein.  The record evidence, taken as a whole, fails to demonstrate Plaintiff worked in an

objectively and subjectively intolerable environment.  Plaintiff also closed her deposition by

averring that she had recited all of the supporting evidence for her claims:

> Q       . . . Is there anything off the top of your head that you can think of that
>         supports your claims that we haven't talked about yet?
> A       As form of evidence that I may have to present?  Okay.  That's what I was
>         -- I'm sorry. [Plaintiff then discusses how she believes the "Junior
>         Achievement Day" marketing person was solely responsible for certain

25

(5:21CV1085)

> social media posts and her unsupported belief that S.A. Comunale had
> previously hired a sex offender.]
>
>         *   *   *
>
> Q     Okay. Anything else?
> A     We talked about the theft allegation. That's all I can remember at the
>        present time. That's it.

ECF No. 31-3 at PageID #: 539-41.

Plaintiff has failed to explain the new testimony in her Declaration (ECF No. 33-2), other than to now say "[m]y anxiety and memory issues prevented me from raising these issues in my deposition." ECF No. 33-2 at PageID #: 899, ¶ 26. While that statement is troubling enough without considering anything else, it still does not account for just how directly contradictory Plaintiff's new evidence truly is. For example, Plaintiff's Declaration states: "I was called Bitch so many (sic) I became numb to it," without stating when this occurred, who said it, whether it was at a S.A. Comunale location or involved a co-worker, much less whether she reported it, what was done about it, and whether it continued. ECF No. 33-2 at PageID #: 899, ¶ 21. But Plaintiff testified at her deposition:

> Q     And you're not saying that there was any sexual touching or demands for
>        favors or gender-based slurs or things like that?
> A     That happened to me or that I heard or seen or witnessed?
> Q     That happened to you.
> A     That happened to me. No.

ECF No. 31-3 at PageID #: 528.

Finally, Plaintiff identifies Pat Jennings for the first time in her Declaration, notes that he is black, asserts that he operated a yard forklift on unspecified dates, and asserts that an unidentified person had placed a noose on that same forklift on an unspecified date. *See* ECF No. 33-2 at PageID #: 899, ¶ 11. Plaintiff, however, fails to state that Jennings was operating the

26

(5:21CV1085)

forklift when the noose was allegedly placed on it. It is undisputed that during Plaintiff's

employment, Jennings was a janitor and bundler (*i.e.*, general laborer), not a forklift driver, did

not drive a forklift until after Plaintiff's termination in December 2019, and did not even have a

forklift operator's license during her employment. *See* Second Declaration of Amy Hendricks

(ECF No. 36-1) at PageID #: 981, ¶ 4. Moreover, Plaintiff testified at her deposition that she did

not see the noose on the forklift, was merely told by unidentified employees that did not work in

the fabrication shop (whose names she could not recall) that pictures of it were circulating, *see*

ECF No. 31-3 at PageID #: 516, and admitted that she did not report it and did nothing about it

because "[i]t wasn't my department," ECF No. 31-3 at PageID #: 517.

### IV. Conclusion

Defendants' Objection to Shannon Lacy's Undated Notes as Evidence (ECF No. 35) is

sustained, and Defendants' Motion to Strike Shannon Lacy's Undated Notes as Evidence (ECF

No. 35) is granted.

Viewing Plaintiff's probative evidence and all reasonable inferences drawn therefrom in

the light most favorable to Plaintiff, the Court concludes that there is no genuine issue of

material fact and the movants are entitled to a judgment as a matter of law. For the foregoing

reasons and those that have been articulated in the memoranda of the points and authorities on

which S.A. Comunale Co., Inc., Joseph R. Fowler, Amy Hendricks, EMCOR Group, Inc., and

Stephen A. Comunale rely, Defendants' Motion for Summary Judgment (ECF No. 31) is

(5:21CV1085)

granted.  Final judgment will be entered in favor of Defendants and against Plaintiff on the

Complaint (ECF No. 1).


      IT IS SO ORDERED.


|    March 28, 2023    |    */s/ Benita Y. Pearson*       |
| Date | Benita Y. Pearson |
| | United States District Judge |